# UNITED STATES DISTRICT COURT

Middle DISTRICT OF Tennessee

UNITED STATES OF AMERICA
V.

Joseph M. Carter

**CRIMINAL COMPLAINT**

Case Number: 10-4071 JSB

(Name and Address of Defendant)

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. From on or about 2008 to on or about August 14, 2010 in Maury county, in the Middle District of Tennessee defendant(s) did,

(Track Statutory Language of Offense)

conspire with others to unlawfully, knowingly, and intentionally manufacture, possess with intent to distribute, and distribute a quantity of 3,4-Methylenedioxymethamphetamine, a Schedule I controlled substance

in violation of Title 21 United States Code, Section(s) 841(a)(1) and 846
I further state that I am a(n) Special Agent with the DEA and that this complaint is based on the following facts:
    Offical Title

See attached Affidavit of DEA Special Agent Matthew Chance.

Continued on the attached sheet and made part of the complaint: ☒ ☐

_____
Signature of Complainant

Matthew Chance
Printed name of Complainant

Sworn to before me and signed in my presence

Date August 16, 2010
John S. Bryant
    Name of Judge
Magistrate Judge
    Title of Judge

Nashville, Tennessee
City                    State

_____
Signature of Judge

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Matthew S. Chance, being duly sworn, declare and state:

1. I, Matthew S. Chance, am employed as a special agent with the Drug Enforcement Administration (DEA) and have been so employed since August, 2009. Prior to my employment with DEA, I was a sworn police officer and sergeant with the Metro Nashville Police Department (MNPD) in Nashville, Tennessee for approximately ten years. As part of my employment, I have conducted numerous narcotics investigations. I am currently assigned as a Special Agent (SA) in the Nashville District Office of the Drug Enforcement Administration.

2. During my tenure as a Special Agent for the Drug Enforcement Administration, I have been involved in numerous narcotics and drug-related investigations involving violations of international, federal, and state narcotics laws. Currently, I am responsible for investigating crimes that involve the unlawful importation and exportation of illegal narcotics, the possession with the intent to distribute controlled substances, the distribution of controlled substances, the use of communication facilities to further these offenses, the related crime of laundering monetary instruments, all in violation of Title 21, United States Code, Sections 841(a)(1), 843, 846 and 952, Title 18, United States Code, Sections 1956 and 1957, and structuring money to evade reporting requirements, in violation of Title 31, United States Code, Section 5324.

## TRAINING AND EXPERIENCE

3. In conducting these investigations, I have used a variety of investigative techniques and resources, which include, but are not limited to, conducting physical and electronic surveillance, monitoring court-authorized wiretaps, and managing the use of cooperating sources (CS's) and informants. Through these investigations, my training and experience, and conversations with other Agents, as well as other law enforcement personnel, I have become familiar with the methods used by narcotics traffickers to safeguard their illegal narcotics, to distribute narcotics, and to collect and launder the proceeds of narcotic sales.

4. I have participated in debriefings of defendants, co-conspirators, informants, and witnesses who have had personal knowledge regarding major narcotics trafficking organizations, and I have participated in all aspects of drug investigations, including conducting surveillance, executing searches pursuant to court ordered search warrants, and executing arrest warrants. As a result of my assignments, I have received extensive specialized training in the field of narcotics identification and investigation.

5. I make this affidavit, in part, on personal knowledge based on my participation in this investigation, and, in part, upon information and belief. I am familiar with the facts and circumstances of this matter.

6. Except where otherwise noted, the information set forth in this affidavit has been provided to me directly or indirectly by Special Agents of the DEA or other law enforcement officers. Unless otherwise noted, wherever I state that a statement was made, the information was provided by a law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have read. All statements related herein, whether by law enforcement officers or not, are related in substance and in part, unless otherwise indicated. Information resulting from surveillance set forth is either my personal observations or information provided directly or indirectly through other law enforcement officers who conducted such surveillance.

7. This affidavit is being submitted for the limited purpose of establishing probable cause to obtain a criminal complaint against Joseph M. Carter for conspiring to manufacture, possess with the intent to distribute, and to distribute 3,4-Methylenedioxymethamphetamine (hereinafter "MDMA," which is also commonly known as Ecstasy), a Schedule I controlled substance, in violation of Title 21, U.S.C., Sections 841(a)(1) and 846.

8. I have not set forth each and every fact that I have learned during the course of this investigation. Facts not set forth herein are not being relied upon in reaching my conclusion that there is probable cause for a complaint and arrest warrant to be issued.

## SUMMARY OF THE INVESTIGATION

### Background Information

9. In May 2004, CARTER was arrested by Murfreesboro Tennessee Police Department after he delivered approximately one hundred capsules of MDMA to a Murfreesboro Police Department cooperating source. Subsequent to CARTER's arrest, DEA Nashville executed a search warrant at CARTER's apartment in Antioch, Tennessee. Agents discovered a clandestine laboratory used to manufacture MDMA, which contained chemicals, glassware, filters, vacuum pumps, graduated cylinders, condenser, and other items associated with the manufacture of MDMA. Agents also seized additional MDMA in both liquid and powder form at CARTER's apartment.

10. CARTER was indicted in the Middle District of Tennessee, Case No. 3:04-00089, with conspiring to manufacture, possess, and distribute MDMA and other related charges. CARTER pleaded guilty to manufacturing, possessing with the intent to distribute and the distribution of MDMA on August 9, 2004, before District Court Judge Haynes. The defendant was sentenced to 37 months imprisonment and three years of supervised release. CARTER was sentenced to six months imprisonment for a violation of his supervised release in May of 2009. CARTER is no longer on supervised release.

11. On June, July, and August, 2010, Nashville DEA Task Force Group 1 interviewed cooperating sources who provided information regarding the defendant manufacturing and distributing a pure form of 3,4-methylenedioxy-N-methylamphetamine (MDMA), also known by its slang name as "Molly." In sum, the information obtained from the cooperating sources was that CARTER had been manufacturing and distributing MDMA

2

since at least as early as June 2010. The information provided by the cooperating sources has been independently confirmed by other information obtained by the DEA and is deemed to be reliable.

**Trash Pull At Carter's Residence on August 10, 2010**

12. On August 10, 2010, agents conducted a "trash pull" at 312 Sunnyside Lane, Columbia, Tennessee, 38401, the defendant's residence. That residence is located in the Middle District of Tennessee. The trash container was left at the end of the driveway beside Sunnyside Lane and it appeared to be the normal trash collection day as other containers in the neighborhood were left out in similar fashion.

13. While searching through the discarded items, agents discovered the following: paper filters with white residue, two paper filters with dark residue, green protective gloves with oily residue and plant material, a protective nuisance mask with container and receipt of purchase, a syringe container, several empty bags of ice, a copy of a jail receipt, a receipt for purchase of shirts for "Julie Bower," and handwritten notes.

14. I believe, based on my training and experience, that some of the above described items – the paper filters with white residue, two paper filters with dark residue, green protective gloves with oily residue and plant material, a protective nuisance mask with container and receipt of purchase, a syringe container, several empty bags of ice - were used in the process to manufacture MDMA.

15. The filters and gloves taken from the trash outside 312 Sunnyside Lane were submitted to the DEA Nashville Sub-Regional Laboratory. Your Affiant spoke with a DEA Laboratory Chemist on August 12, 2010, and was informed that 3,4-methlenedioxyphenyl-2-propanone was found on those items. That chemical is an intermediate to manufacture MDMA.

**Execution of Search Warrants on August 14, 2010 and Post-*Miranda* Statements By Carter**

16. On August 13, 2010, Magistrate Judge John S. Bryant issued a search warrant for 312 Sunnyside Lane, the defendant's residence, as well as a second search warrant for 1245 1st Avenue, Mount Pleasant, Maury County, Tennessee 38474. The street is also known as state route N Highway 166 and as Hampshire Drive. The location at 1245 1st Avenue was believed to be where CARTER was operating a clandestine laboratory to manufacture MDMA.

17. On August 14, 2010, agents executed the two search warrants at the locations described above. While agents were present, CARTER arrived at 1245 1st Avenue. Agents took him into custody, locating the keys to the location on CARTER. Agents located a clandestine lab inside that location and found the following items: a vacuum pump; two 55 gallon drums that were empty but were labeled as methanol; numerous amounts of glassware such as flasks, funnels, and tubes; chemicals used to produce MDMA such as lye, palladium chloride, sodium hydroxide, nitro methane, sulfuric acid, phosphoric acid, acetone; and a white powder that field-tested positive for either MDMA or methamphetamine (the field test was not able to differentiate between those two substances – further testing on the substance will

3

be performed by a DEA laboratory which can make that distinction).

18. CARTER stated that he starting manufacturing MDMA again in the summer of 2008, using basically the same process he was using in 2004 other than minor changes such as the washing process. CARTER admitted he was at the lab at 1245 1st Avenue last weekend (during which agents had seen him there while they conducted surveillance) and had been making MDMA at that time.

19. CARTER stated he usually cooked 6 – 10 ounces of MDMA per week, but not every week due to being low on Safrole or other essential chemicals. CARTER stated that he had others who assisted him in obtaining the essential oil and chemicals in the production method and he would either pay them a flat rate or share the profits of the sold product. CARTER also provided information on several of his customers, including amounts of MDMA he had sold to them and how much money they owed him.

20. At 312 Sunnyside Lane, agents found a box labeled "Nitro Methane" in a bath tub and a set of digital scales with a white powder residue. CARTER stated the Nitro Methane was used in the process of manufacturing MDMA.

## CONCLUSION

21. Based upon the facts stated above, I believe there is probable cause that beginning at least as early as 2008, through on or about August 14, 2010, in the Middle District of Tennessee and elsewhere, Joseph M. Carter did combine, conspire, confederate, and agree with others to unlawfully, knowingly, and intentionally manufacture, possess with intent to distribute, and distribute a quantity of 3,4-Methylenedioxymethamphetamine, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

22. WHEREFORE, I request that the Court issue a complaint against and arrest warrant for Joseph M. Carter.

_____
Matthew S. Chance
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me this 16th day of August, 2010.

_____
HONORABLE JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE
MIDDLE DISTRICT OF TENNESSEE